

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
Fax (302) 761-6601

*Winner, Delaware Quality Award of Merit*

## NOTICE OF REASONABLE CAUSE FINDING

**RE: Brown v. DE Technical & Community College**           **State Case No.: 0211731**

On November 1, 2002, Ms. Brigitte L. Brown filed a charge of discrimination against DE Technical & Community College. The Charge of Discrimination is hereby incorporated by reference.

**Reasonable Cause Finding:**

On July 30, 2004, the Department of Labor concluded it investigation and now finds, based on the following facts, that there is reasonable cause to believe that a violation of the State Discrimination Act has occurred.

I.    Undisputed Facts:
1.    Charging Party began her employment in 2000 as a Student Enrichment Coordinator for Respondent's federal Upward Bound Program.
2.    Charging Party is currently employed in the same position.

II.   Disputed Facts:
1.    Charging Party claims that she endured racial discrimination because she was moved to inadequate office space while being replaced by less tenured white co-workers in individual offices or offices with adequate space. Also, after complaining about her conditions, Respondent scrutinized her work and denied her promotions and scheduling opportunities.

2.    Respondent states that Charging Party and other black similarly situated employees were moved to one office because other employees under the "To The Maxx Program" were terminated when the grant ended, thus leaving a vacant office space. Respondent states that the office move was in effort to group persons employed under particular grants in the same geographical area. Respondent states that before the move, Charging Party and her co-workers were scattered among non-contiguous offices.

III.  Resolution of Material Facts in Dispute:
1.    Observation site visit on 5/12/04 revealed that the previous distribution of offices allowed Charging Party and her co-workers to perform effectively in the same geographical area.
2.    Observation revealed that other white similarly situated workers have their own offices or share offices which allow confidentiality, adequate space and cubicle style work conditions unlike Charging Party's office that she shares with her group of black co-workers.
3.    Observation revealed that one of Charging Party's co-workers was moved to the current space while her old office is currently vacant with boxes.
4.    Observation revealed that Respondent also has made room for a co-op worker to work in the same office that is already overcrowded and appears to have cramped working conditions (wires in walking areas, draws and file cabinets can open blocking exits).
5.    Charging Party submitted evidence that the grant did not specifically state that all staff in the Program needed to be in the same office rather than a suite of offices or cubicle style offices to provide privacy for confidential conversations when servicing center participants.

EXHIBIT
A

Brown v. DE Technical & Community College
May 12, 2004
Page 2

6.  Charging Party provided evidence that adequate office space is required to conduct interviews and perform necessary business functions. In addition, Charging Party provided evidence that her position requires more than two hours per day inside the office and periodic visits to onsites.

7.  Charging Party has provided evidence that Respondent has previously allocated this office space to other black employees along with one white worker who was a floater and not permanently placed in that office.

8.  Site observation has confirmed that although other clusters are grouped together, there is adequate space and cubicles to work efficiently. Charging Party provided evidence that previous clusters placed in the same office (permanently) were also black.

9.  Respondent provided no evidence regarding the denial of promotional or scheduling opportunities.

IV.  Resolution:

Charging Party submitted a preponderance of evidence that supported her claim of racial discrimination. Respondent did not prove that the office move, denial of promotional opportunities and scheduling changes were based solely on business reasons. Charging Party proved that she suffered adverse actions and her allegations were corroborated by investigative observations and substantial evidence.

The administrative process will now proceed to the conciliation phase pursuant to 19 Del. C. Section 712 (c).

_7/14/04_
DATE

_7/30/04_
DATE

_Brenda Sands_
Brenda Sands
Labor Law Enforcement Officer

_Julie K. Cutler_
Julie Cutler
Labor Law Enforcement Supervisor